**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MELANIE ANN KEENER,**

    Plaintiff,

v.                                      **CIVIL ACTION NO.: 3:17-CV-156
(GROH)**

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Michael John Aloi [ECF No. 17], filed on October 16, 2018. Therein, Magistrate Judge Aloi recommends that the Plaintiff's Complaint [ECF No. 1] be dismissed for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the R&R to which objection is made. However, failure to file objections permits the district court to review the R&R under the standard that it believes to be appropriate, and if a party does not object to an issue, the party's right to *de novo* review is waived. See Webb v. Califano, 468 F. Supp. 825, 830-31 (E.D. Cal. 1979).

Objections to Magistrate Judge Aloi's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Plaintiff by certified mail on October 16, 2018. ECF No. 17. The Plaintiff accepted service on October 27, 2018. ECF No. 18.

The Plaintiff filed objections on November 5, 2018. ECF No. 19. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo.*

In this matter, Magistrate Judge Aloi recommends that the Plaintiff's complaint be dismissed for failure to prosecute. Magistrate Judge Aloi made this recommendation after the Plaintiff failed to respond to the Court's Order to Show Cause. ECF No. 15. In the Plaintiff's objections, she requests that the case not be dismissed. ECF No. 19. The Plaintiff avers that she thought she was "faxing [information] to where it was suppose[d] to go." Id. at 2.

Under Federal Rule of Civil Procedure 41(b), a court has the power to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see also Link v. Wabash Railroad Co., 370 U.S. 626, 629-32 (1962). Dismissal is a "harsh sanction which should not be invoked lightly." Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). Before dismissing a case, the court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused to the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). However, this is "not a rigid four-prong test," and "the propriety of a dismissal . . . depends on the particular circumstances of the case." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

In this case, the *pro se* Plaintiff filed a complaint against the Commissioner of Social Security on December 18, 2017. ECF No. 1. The Commission filed her answer and the administrative record on March 5, 2018. ECF Nos. 11, 12. Under this Court's

Local Rules, the Plaintiff was required to file a motion for summary judgment and memorandum in support within 30 days after the Defendant filed her answer. L.R. Civ. P. 9.02. Thus, a motion for summary judgment was due by April 5, 2018. The Plaintiff failed to file a motion for summary judgment, and on September 26, 2018, the Court issued an order to show cause. ECF No. 15. That order warned the Plaintiff that her case would be dismissed for failure to prosecute if she failed to respond within 14 days. Id. The Plaintiff received service on the order to show cause on October 4, 2018. ECF No. 16. The Plaintiff did not respond to the order to show cause. Thus, Magistrate Judge Aloi recommended that the Plaintiff's case be dismissed for failure to prosecute. Only now does the Plaintiff request that her case remain open. ECF No. 19.

The *pro se* Plaintiff has already been afforded substantial leeway in this action. The Plaintiff received the Notice of General Guidelines for Appearing Pro Se in Federal Court [ECF No. 3], which informed her that she was subject to this Court's Local Rules. This Court's Local Rules required the Plaintiff to file a motion for summary judgment within 30 days of the Defendant's answer. The Plaintiff did not file a motion for summary judgment, and a show cause order was issued nearly six months after the Plaintiff's motion for summary judgment was due. The show cause order explicitly warned the Plaintiff that failure to file a response within 14 days would result in dismissal of her case. See ECF No. 15. The Plaintiff did not respond to the order to show cause.

In light of the explicit warning, this Court has "little alternative to dismissal." Ballard, 882 F.2d at 96. Any other course would "place the credibility of the court in doubt and invite[ ] abuse." Id. In as much as the Plaintiff suggests that she was

sending her paperwork to the wrong place [ECF No. 19], the Notice of General Guidelines for Appearing Pro Se in Federal Court provides the address at which the Plaintiff must send all court documents. Accordingly, the Court declines to grant the Plaintiff's belated request to consider her claims on the merits.

Therefore, it is the opinion of the Court that Magistrate Judge Aloi's Report and Recommendation [ECF No. 17] should be, and is, hereby **ORDERED ADOPTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is **DIRECTED** to enter a separate order of judgment in favor of the Defendant. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **ORDERED**.

**DATED**: November 8, 2018

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE